No. 18,578.

LEON LOWRY *v.* PEOPLE OF THE STATE OF COLORADO.
(337 P. [2d] 599)

Decided April 6, 1959.

Messrs. RICE and RICE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. JOHN W. PATTERSON, Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error who will be referred to as defendant was charged in an information with the theft of a Shetland paint mare, the property of Robert L. Platt. He entered a plea of not guilty and upon trial in January 1957 the jury was unable to agree on a verdict. A second trial in May 1957 resulted in a verdict of guilty upon which sentence was imposed. Defendant is here on writ of error seeking reversal of the judgment and sentence. Counsel representing defendant in this court did not appear for him in the trial court. The prosecution presented evidence tending to show that Robert L. Platt, the prosecuting witness, had been in the livestock business near Kim, Colorado, for many years; that he owned a number of Shetland ponies which were pastured about three miles from his home; that the latter part of April or early May 1956 it was discovered that two of the ponies were missing, one being described as a dun and white mare, the other as a snow white stallion. He reported the loss to the state brand inspector and to the sheriff. Through the efforts of the state brand inspector both animals were located, one near Indian Hills west of Denver, the other at Brighton, Colorado, in mid-June 1956. The parties from whom the ponies were recovered testified that they had been purchased from defendant. Defendant admitted taking the ponies, but claimed he did so with Platt's consent in payment of a pre-existing debt; that not only did Platt consent to this taking them, but helped him load them on defendant's truck and produced a witness, Fipps, who testified he was present when the ponies were loaded. He admitted selling them to the witnesses from whom they were recovered.

Defendant's counsel assign error on the part of the trial judge as follows: (1) Allowing the District Attorney to cross-examine the people's witness, William J. Traynor; (2) Admitting in evidence People's exhibits C

and D; (3) Admitting in evidence People's exhibit K; (4) Refusing to admit in evidence defendant's tendered exhibits 6 and 7; (5) Failing to grant defendant's motion for a new trial.

█ William J. Traynor, a witness called by the prosecution, testified that he purchased a shetland pony, not the one charged in the information, from Leon Lowry. As a part of his examination the witness Traynor identified defendant as Leon Lowry. The district attorney claimed surprise, stating that the witness Traynor on the first trial of the case testified that Lowry introduced himself to Traynor as "Meadows." After argument the trial court permitted the district attorney to examine Traynor as to his former testimony and directed the attention of said witness to questions and answers given by him on the former trial of the case. On the record it is disclosed that defendant admitted he used the name Meadows, and the witnesses testified to the same effect. The answers given by the witness on the former trial were not inconsistent with his testimony at the second hearing. We observe nothing prejudicial to the rights of the defendant in allowing the district attorney to refer to the former testimony of the witness. *Walker v. People,* 126 Colo. 135, 248 P. (2d) 287; *Babcock v. People,* 13 Colo. 515, 22 Pac. 817.

The record fails to disclose that exhibits C and D were ever shown to the jury. These exhibits consisted of two advertisements placed in a local newspaper by the prosecuting witness stating that certain livestock was missing from his ranch. He detailed what he had done in his search for the missing ponies, and related this incident as a part thereof. We note nothing prejudicial to defendant in this regard.

Exhibit K, a work record kept in the usual course of business by the employer of defendant's witness Fipps, was offered by the district attorney for the purpose of contradicting some of Fipps' testimony given on behalf of defendant concerning his presence in Kim, Colorado,

at the time of the alleged crime. It was properly admitted.

█ The trial court ruled that Exhibits 6 and 7 offered by defendant, were inadmissible. The record discloses that about July 3, 1957, defendant was served with a warrant for his arrest under the charge of larceny of livestock. He was permitted to go at large upon his assurance that he would report to the Sheriff the following day. He then went to see the prosecuting witness, who, according to defendant's testimony, agreed to dismiss the charges. Defendant testified that he then wrote a letter to the Sheriff advising him that the prosecuting witness was going to dismiss the charges, placed it in an envelope preliminary to mailing to the Sheriff, and then left for a job elsewhere. The letter and envelope were marked "Defendant's exhibits 6 and 7." It appears from defendant's testimony that the letter was misplaced and was not mailed but was discovered months later under the seat of defendant's automobile, and defendant testified that the envelope containing the letter was unopened until offered in the first trial. The jury heard the testimony concerning the letter and envelope addressed to the Sheriff, but they were not shown to the jury as exhibits. Apparently the letter contained a statement to the effect that the prosecuting witness was going to dismiss the charges. Defendant, in his testimony, related the conversation he claims to have had with Platt, the prosecuting witness, and that he incorporated this agreement on the part of Platt in the letter to the Sheriff advising him of defendant's reasons for his failure to appear as agreed. Platt testified that he had not agreed to dismiss the charges and gave his version of the conversation with defendant which was to the effect that defendant urged him to dismiss the case upon promise to pay for the ponies, which he, Platt, refused to do. These exhibits not being before us, we can only assume that the trial court considered them as self-serving, hence not admissible. No authority has been cited, and

we have found none, which holds that such documents are admissible under the circumstances disclosed by this record. We find no error in the court's refusal to admit them.

■ The evidence before the jury was in sharp conflict. One jury failed to agree, and the second jury under proper instructions returned a verdict of guilty. From a careful reading of the record before us, the question of guilt beyond a reasonable doubt presented problems which the jury alone could resolve; that determination of the facts is the sole province of the jury, not ours. Apparently the defendant has borne a good reputation in his community, was employed in the U.S. Postal service among other things, all of this was before the jury whose duty it was to resolve the conflicts in the evidence. This it did and thereupon determined that defendant was guilty as charged. The jury, properly instructed, saw and heard the witnesses and observed their demeanor on the witness stand. The trial judge denied probation and we cannot substitute our judgment as to the guilt or innocence of defendant for that of the trial court and jury.

We perceive no error in the record and the judgment is affirmed.